**Srisuda MAHAVONGSANAN,**
**Plaintiff,**

v.

**Roy M. HALL, Individually and in his capacity as Dean, School of Education, Georgia State University in Atlanta, Georgia, et al., Defendants.**

**Civ. A. No. C75–1164A.**

United States District Court,
N. D. Georgia,
Atlanta Division.

On Motion for Preliminary Injunctive Relief Aug. 7, 1975.

On Motion to Stay Aug. 8, 1975.

---

John J. Goger, Krischer & Goger, Atlanta, Ga., for plaintiff.

Arthur K. Bolton, Atty. Gen., State of Georgia, Atlanta, Ga., for defendants.

## ORDER

MOYE, District Judge.

The captioned case is before the Court at this time on plaintiff's motion for preliminary injunctive relief. The court, by and with the consent of the parties and pursuant to Rule 65(a)(2) F.R. Civ.P., advanced and consolidated the trial of the merits of this case with the hearing on plaintiff's motion. Having heard and considered all the testimony submitted herein and having considered the complaint, the defendants' answer thereto, the entire record, proceedings and argument of counsel, the court is persuaded that plaintiff is entitled to the relief sought.

The plaintiff, a citizen of Thailand, currently residing in Murphreesboro, Tennessee, enrolled in the Georgia State University School of Education, Department of Curriculum and Instruction, in January of 1974. The plaintiff left the program only to re-enroll in March of 1974. The only requirement for plaintiff's degree in effect at the time that plaintiff enrolled was the completion of a prescribed course of study of not less than 60 graduate hours of class work. Plaintiff was required to complete the course work with at least a "B" average. These requirements were set forth in the general catalogue of Georgia State University and the graduate bulletin in effect at the time that plaintiff enrolled. The plaintiff satisfactorily completed these requirements in March of 1975. The defendants, however, withheld the degree from plaintiff, pending her satisfactory completion of a comprehensive examination in her course work. The comprehensive examination became a requirement within plaintiff's program in the Fall of 1974. Under protest that the examination could not apply to her, since she had entered the program prior to the examination's effective date, plaintiff took the examination on two occasions and failed to achieve a satisfactory grade. Prior to coming to this country, the plaintiff was an instructor at the college level in a Thai university. She is in this country on a student visa. Plaintiff testified that she had planned to return to Thailand and continue her career there after completing her studies at Georgia State. She is currently enrolled in a Tennessee state university seeking a masters degree in education in lieu of the degree which she sought at Georgia State University. Her enrollment in the Tennessee university, however, has not yet been approved by the Thai authorities. According to plaintiff, should her transfer be rejected, she would have to return to Thailand and resume her position there without the degree or resign her post in the Thai university, complete the degree program in Tennessee, and return to Thailand with a degree but without a position.

Plaintiff brought this action to compel the defendants, the Board of Regents

for the University System of the State of Georgia and certain faculty members of Georgia State University, to grant the degree. Essentially, plaintiff's position is twofold. First, plaintiff contends that the bulletins and catalogues of Georgia State University in effect at the time she enrolled, constitute a contract, that she has complied with the terms of the contract and that she is now entitled to specific performance of the contract or her degree. The other basis of plaintiff's position is that by imposing the comprehensive examination as a requirement to the degree after plaintiff had enrolled and completed a substantial portion of her work toward the degree in reliance upon the conditions stated at the outset of her involvement in the program, the defendants had acted in a manner which is inherently unfair and had thereby violated her constitutionally protected rights to substantial due process of law. In conjunction with this, plaintiff also maintains that in imposing the examination, the defendants failed to follow their own procedures for setting such requirements and had thereby acted in an arbitrary manner. At the hearing, it became apparent that plaintiff might also be entitled to relief on notions of procedural due process in view of the notice which plaintiff was given with respect to the examination.

The relevant language in the General catalogue is, at page 43, "Academic regulations, other than degree requirements, are subject to change at the end of any quarter. A student will normally satisfy the degree requirements of the catalog in effect at the time of entrance." Plaintiff's Exhibit 2. At page 44, under the caption, Standard of Performance, the following appears, "For graduate degrees a minimum average grade of "B" is required. Additional regulations pertaining to standards of performance may be prescribed by the respective schools." Plaintiff's Exhibit 2. The defendants maintain that the examination is simply a standard of performance, a method of evaluating the student's mastery of the subject matter of the program instructed and that the catalogue reserves within the faculty the right to change or add to the standard of performance required at any time. At the hearing, the Court found as follows: that the catalogues and bulletins in effect at the time plaintiff enrolled in the school, did constitute a contract binding upon the defendants; that the comprehensive examination could only be a degree requirement since it tests abilities and materials which may not necessarily be instructed within the student's program of study; that the defendants, by withholding the degree from plaintiff after she had completed all degree requirements in effect at the time of her enrollment, had breached their contract with the plaintiff; that the first official notice from the defendants that plaintiff would be required to complete the examination was received by plaintiff only two weeks prior to the first examination date and only six weeks prior to plaintiff's completion of her course work for the degree at Georgia State University.

The defendants have generally raised the defense of sovereign immunity and, with respect to plaintiff's contract action, the defense may be sound. In addition to injunctive relief, the plaintiff seeks actual damages in the form of wages which plaintiff would have received since June 1, 1975 together with attorney fees and punitive damages. The court, however, need not resolve this issue since it concludes that the notice afforded plaintiff with respect to the examination was inadequate. The court is convinced that in order to be properly prepared for the examination, plaintiff would have had to take other and further course work and that the notice given was neither designed to inform plaintiff of the course work required nor did it permit plaintiff the time necessary to take such course work prior to the examination. Withholding the degree from plaintiff because of her failure to satisfy the examination requirement is, in the absence of adequate notice with respect to the scope and depth of the examina-

tion, a deprivation of a valuable property right without due process of law in violation of the 14th Amendment to the United States Constitution and Article 1, Section 1, Paragraph 3 of the Constitution of the State of Georgia.

Accordingly, on the basis of the foregoing, it is hereby ordered, adjudged and decreed that the defendants, R. Allen Spanjer, Mary Ann Hall, Roy M. Hall and the Board of Regents of the University System of Georgia, their officers, agents, representatives, employees, attorneys and all persons in active concert and participation with them be and they hereby are permanently enjoined and restrained from withholding from plaintiff the degree of Master of Education in Reading Instruction. In consideration of the technical and administrative effort which this order requires, in terms of preparing a formal degree and recording its award, the defendants may have 15 days from the date of the final hearing in this case, August 1, 1975, in which to comply with the terms of the relief ordered. Plaintiff's request for attorney fees and punitive damages is denied. The Court does find that plaintiff is entitled to actual damages in the nominal amount of $1.00 against the defendants in their individual capacity only, jointly and severally.

It is further ordered, adjudged and decreed that the said defendants pay the costs of these proceedings to be taxed by the Clerk of this Court, and that execution issue for the same.

### ORDER

Defendants have filed a Motion to Stay the Order of the Court entered August 7, 1975, pending issuance of the mandate of the United States Court of Appeals for the Fifth Circuit from the appeal they filed August 8, 1975. After considering the brief filed in support of the Motion and after hearing argument of counsel, the Motion to Stay is hereby DENIED.

The Court feels that the equities of the situation would be ill-served by granting the stay requested. An appeal would require the plaintiff, a Thai citizen seeking to return to her country to teach, to remain in limbo here for at least several months. It is clear from the evidence that in fact the plaintiff's predicament was caused not only by her lack of notice of the requirements which ultimately would be imposed, which the Court has held to be lack of due process, but also by the negligence of the officials of the University in not attempting to ameliorate the problems which she was being caused.

It should be clear that the Court did not find fault with the increased requirements applied prospectively—indeed such improvement is to be applauded— but only to their retroactive application to plaintiff whose language problem accentuated the hardship caused by the lack of notice.